People v Rodriguez (2020 NY Slip Op 07463)





People v Rodriguez


2020 NY Slip Op 07463


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Ind No. 3938/14 3938/14 Appeal No. 12595 Case No. 2018-3443 

[*1]The People of the State of New York, Respondent,
v
Eric Rodriguez, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Catherine Taylor Poor of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.



Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered February 15, 2017, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
The court properly denied defendant's suppression motion. Defendant's
arrest was lawfully supported by probable cause based on the police officers' observations of a struggle, the victim's pointing at defendant while speaking in Spanish, an unidentified bystander's volunteered translation indicating that defendant had just robbed the victim, and the $200 that fell out of defendant's pocket.
The bystander's hearsay statements, which provided necessary context for the probable cause determination, were properly considered. Under the Aguilar/Spinelli test, "if probable cause is based on hearsay statements, the police must establish that the informant had some basis for the knowledge he transmitted to them and that he was reliable" (People v Bigelow, 66 NY2d 417, 423 [1985]). Here, the "some basis" requirement is satisfied by the bystander's personal knowledge, having personally heard the victim's report in Spanish, and by the officers' corroborating observations (see generally Bigelow, 66 NY2d at 423-24). Regardless of whether the bystander had any personal knowledge of the robbery, he had personal knowledge of what the victim was saying about the robbery. In the present context, it is irrelevant that the victim did not appoint the bystander to be an "agent" for translation purposes.
The reliability requirement was also satisfied. The information was provided in a face-to-face encounter, giving the officers "the opportunity to assess [the bystander's] credibility on the basis of his demeanor and the accuracy of his information" (People v Simpson, 244 AD2d 87, 91 [1st Dept 1998]), and was corroborated by the officers' own observations (see generally Delgado v City of NY, 86 AD3d 502, 507 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020